UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| JAMES MACHADO, | ) | 21 U.S.C. § 846 - |
| Defendant | ) | Conspiracy To Distribute, |
| | ) | And To Possess With Intent |
| | ) | To Distribute, Marijuana |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) - |
| | ) | Possession Of Marijuana |
| | ) | With Intent To Distribute |
| | ) | |
| | ) | 18 U.S.C. § 2 - |
| | ) | Aiding and Abetting |
| | ) | |
| | ) | 21 U.S.C. § 853 - |
| | ) | Criminal Forfeiture |
| | ) | Allegation |
| | ) | |

04CR10232RWZ

## INFORMATION

**COUNT ONE:**   (21 U.S.C. § 846 - Conspiracy To Distribute, And To Possess With Intent To Distribute, Marijuana).

The United States Attorney charges that:

From a date unknown to the United States, but at least by in or about July, 1999 and continuing thereafter until on or about August 21, 1999, at Westport, in the District of Massachusetts, in the District of Rhode Island, and elsewhere,

**JAMES MACHADO,**

defendant herein, did knowingly and intentionally combine,

1

conspire, confederate and agree with other persons, known and unknown, to distribute and to possess with intent to distribute, marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The United States Attorney further charges that this conspiracy involved between 100 and 400 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(B)(vii) is applicable to this count.

All in violation of Title 21, United States Code, Section 846.

COUNT TWO:        (21 U.S.C. § 841(a)(1) - Possession of Marijuana
                  With Intent To Distribute; 18 U.S.C. § 2 -
                  Aiding and Abetting)

The United States Attorney further charges that:

On or about August 21, 1999, at Westport, in the District of Massachusetts,

**JAMES MACHADO**,

defendant herein, did knowingly and intentionally possess marijuana, a Schedule I controlled substance, with intent to distribute.

The United States Attorney further charges that this offense involved approximately fifty pounds (or approximately ...c kilograms) of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(D) is applicable to this count.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

**FORFEITURE ALLEGATION**: (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts 1 and 2 of this Information,

**JAMES MACHADO**,

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant -

   I. cannot be located upon the exercise of due diligence;
   II. has been transferred or sold to, or deposited with, a third party;
   III. has been placed beyond the jurisdiction of the Court;
   IV. has been substantially diminished in value; or
   V. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title

21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

## NOTICE OF ADDITIONAL FACTORS

The United States Attorney further charges that defendant **JAMES MACHADO** is responsible for at least 100 but less than 400 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance. Accordingly, U.S.S.G. § 2D1.1(c)(7) is applicable to this defendant.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ David G. Tobin
DAVID G. TOBIN
Assistant U.S. Attorney

DATED:   August 10, 2004.