UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10232-RWZ |
| | ) | |
| JAMES MACHADO | ) | |
| | ) | |

GOVERNMENT'S RESPONSE TO COURT'S INQUIRY TO STATUTE OF
LIMITATIONS ISSUE

Now comes the United States, by its attorneys, Michael J.
Sullivan, United States Attorney, and David G. Tobin, Assistant
U.S. Attorney, and hereby files its response to the Court's
inquiry into whether the filing of an information, without a
waiver of indictment signed by the defendant, stops the running
of the speedy trial clock.  The Circuit Courts that have
addressed the issue have concluded that, although an indictment
waiver is required to accept a plea or begin a trial where an
information is used, the filing of the information is all that is
required to stop the speedy trial clock.

FACTS

On June 21, 2000, the defendant entered into a Plea
Agreement with the United States in which he agreed to plead
guilty to an information charging him with conspiracy to possess
marijuana with intent to distribute in violation of 21 U.S.C. §
846; and possession of marijuana with intent to distribute and
aiding and abetting, in violation of 21 U.S.C. § 846 and 18

U.S.C. § 2. [See attached Plea Agreement, marked Exhibit A]

In 2004, the case was re-assigned to the undersigned attorney for the government.  Prior to August 10, 2004, the undersigned attorney for the government contacted the defendant's new attorney and asked him if his client would abide by the Plea Agreement and accept an information or would the defendant require the government to obtain an indictment.  The defendant's attorney notified the government that the defendant would accept the information.

On August 10, 2004, the United States presented to the District Court Clerk's Office an information charging the defendant with conspiracy to distribute, and possess with the intent to distribute, marijuana.  The dates of the alleged conspiracy were "at least by in or about July, 1999 and continuing thereafter until on or about August 21, 1999."  The information also charged the defendant with possession of marijuana with the intent to distribute.  The date of the possession was specified as "on or about August 21, 1999."  The Clerk's Office accepted the information and the computerized docket reflected that the information was "filed" on August 10, 2004. [See attached copy of the computerized docket from July 19, 2005,[1] marked Exhibit B]

---

[1]The Clerk's Office recently changed the docket entry for August 10, 2004 to reflect that on that date the information was "received for filing."

On August 16, 2005, the defendant appeared before the Court for the first time and pled guilty to the two-count information. The Court ordered United States Probation to complete a Pre-Sentence Report and scheduled the case for sentencing on November 8, 2005.

ARGUMENT

Pursuant to 18 U.S.C. § 3282, a defendant shall not "be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or *the information is instituted* within five years next after such offense shall have been committed."  The defendant's alleged criminal conduct was completed on or about August 21, 1999.  As a result, the government had until August 20, 2004 to find an indictment or institute an information.  The government filed the information, with the consent of the defendant, on August 10, 2004, ten days before the end of the statute of limitations.[2]  The issue before the Court presently is whether the filing of the information, without a Waiver of Indictment signed by the defendant, constitutes the institution of an information, and thus stops the statute of limitations from running.

The Circuit Courts that have faced this question have held

---

[2]  The government would have sought an indictment within the applicable statute of limitations had the defendant's counsel not informed the undersigned that the defendant would accept the information.

that the filing of an information, even without a signed indictment waiver, constitutes the institution of the information and tolls the statute of limitations.

In <u>United States v. Burdix-Dana</u>, 149 F.3d 41, (7th Cir.1998), an information had been filed before the five-year limitations period had run out, but without an indictment waiver signed by the defendant.  The government subsequently indicted the defendant, but after the limitations period had run.  The defendant argued that the information was not "instituted" within the meaning of the statute because the government had not obtained a waiver of indictment, a necessary prerequisite to prosecuting on an information.  The Circuit Court rejected the contention that the indictment waiver requirement of Fed. R.Crim.P. 7(b) operated to modify or limit the literal language of the limitations statute that specifies the institution of the information as the critical date for timeliness purposes.  The 7th Circuit held:

> While we recognize that the absence of a valid waiver of prosecution by indictment bars the acceptance of a guilty plea or a trial on the relevant charges, see Fed.R.Crim.P. 7(b), we do not believe that the absence of this waiver makes the filing of an information nullity.  Rule 7(b) does not forbid filing an information without a waiver; it simply establishes that prosecution may not proceed without a valid waiver.  Rule 7(b) concerns itself with the requirements that the government must satisfy before it proceeds with a prosecution.  We do not see how this rule affects the statute governing the limitation period.  There is nothing in the statutory language of 18 U.S.C. § 3282 that suggests a prosecution must be

4

instituted before the expiration of the five year
period; instead the statute states that the information
must be instituted.  We hold that the filing of the
information is sufficient to institute it within the
meaning of 18 U.S.C. § 3282.

United States v. Burdix-Dana, 149 F.3d at 742-43; and see United

States v. Thompson, 287 F.3d 1244 (10th Cir.2002), which

favorable cites Burdix-Dana.

CONCLUSION

For the reasons stated above, the government respectfully
submits that the filing of the information on August 10, 2004
constituted the institution of the information within the meaning
of 18 U.S.C. § 3282 and tolled the statute of limitations.  As a
result, the information was brought before the statute of
limitations had run and the Court should accept the defendant's
plea of guilty made on August 16, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ David G. Tobin
DAVID G. TOBIN
Assistant U.S. Attorney

Dated:  August 22, 2005