UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 04-10232-RWZ |
| | ) | |
| JAMES MACHADO | ) | |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS INFORMATIONS

James Machado ("the defendant") submits this Memorandum of Law in Support of his motion to dismiss the government's informations. The government filed the first information in this case under seal in the year 2000. The government filed the information without obtaining a signed wavier of indictment from the defendant.

The government inexplicably and negligently ignored the information for more than four years. The government's inaction constitutes a violation of the defendant's Sixth Amendment right to a speedy trial. The court, therefore, should dismiss the dormant and constitutionally defective information pursuant to Federal Rule of Criminal Procedure 48(b).

The government also missed the statute of limitations. In 2004, the government filed a second information in this case. The government, however, once again failed to secure a waiver of the defendant's right to proceed via indictment. The statute of limitations period passed without the filing of a waiver of indictment. The government's failure to obtain a waiver renders the information constitutionally defective. The court should also dismiss the information based upon statute of limitations grounds.

## FACTS AND PROCEDURAL BACKGROUND

On November 27, 1999, the defendant, through his previous attorney, Lance J. Garth, entered into a plea agreement with the government.[1] The plea agreement specified that "[a]t the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in the attached Information." (Plea Agreement at 1). The plea agreement also required the defendant to waive his speedy trial rights. The plea agreement stated that the government would submit a substantial assistance downward departure motion from the strictures of the then-mandatory United States Sentencing Guidelines. See United States Sentencing Guidelines Manual § 5K1.1 (1998). The government intended to base its downward departure motion upon the level of cooperation and assistance rendered by the defendant in the government's ongoing narcotics investigations.

The defendant rendered full cooperation with the government. The defendant's cooperation with the government concluded on or about the middle of the year 2000. On or about the same time period, the government filed an information under seal. Rather than move to schedule the defendant's plea at "the earliest practicable date" as specified in the written plea agreement, the government took no action on the defendant's case for more than four years.

Four years later, the government, unaware that it had filed a prior information under seal, filed another information in this case. Neither the first information nor the second information contained a waiver of the defendant's constitutional right to have the government present his case to a grand jury for indictment. The government did not obtain a waiver of the indictment process prior to the expiration of the five-year statute of

---

[1] The defendant and his previous attorney, Lance J. Garth, actually signed the plea agreement on June 21, 2000.

limitations.

**ARGUMENT**

    A.  <u>The Government infringed upon the Defendant's Speedy Trial Rights</u>

    The government's inaction violated the defendant's Sixth Amendment right to a speedy trial. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend VI. In conjunction with the Sixth Amendment's speedy trial guarantees, the district court has the authority to "dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b).

    The United States Supreme Court has established a four-part test to determine if the government has violated a defendant's Sixth Amendment Speedy Trial rights. <u>See Barker v. Wingo</u>, 407 U.S. 514, 530 (1972). Under the Supreme Court's test, a district court must consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant resulting from the delay. <u>Id.</u>; <u>United States v. Casas</u>, 356 F.3d 104, 112 (1st Cir. 2004). "None of the four factors is either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." <u>United States v. Trueber</u>, 238 F.3d 79, 87 (1st Cir. 2001) (internal citations and quotations omitted).

    In assessing relevant circumstances, the First Circuit has held that the time for determining a possible infringement of a defendant's speedy trial rights does <u>not</u> run from

the unsealing of an indictment or information. See Casas, 356 F.3d at 112-113. While "[t]he reason for sealing may certainly be relevant to the analysis . . . [the First Circuit] found no reason why a defendant should not be able to make a speedy trial claim when the government has delayed the trial by sealing the indictment, regardless of the government's reasons. Instead, [the First Circuit] adhere[s] to the Barker rule that these facts must be considered under the four-part inquiry. Prosecutors bear the primary burden of bringing a case to trial; they may not hide behind the sealing of an indictment to avoid examination of the delay that they cause." Id. at 113.

Here, the government's unjustified delay warrants a dismissal of the information. Examining the government's inaction under the four-part Barker test, the factors demonstrate a Sixth Amendment violation. First, the length of the delay here was presumptive prejudicial. In examining this factor, the First Circuit has repeatedly held that a delay of nineteen to 24 months is presumptively prejudicial. See Trueber, 238 F.3d at 88 (delay of 24 months is prejudicial); United States v. Munoz-Amado, 182 F.3d 57, 61 (1st Cir. 1999) (delay of nineteen months was presumptively prejudicial); United States v. Santiago-Becerril, 130 F.3d 11, 21 (1st Cir. 1997) (assumption that delay of 15 months is presumptively prejudicial). In the instant case, the length of the delay runs between 48 and 60 months. This delay in this case far exceeds the delay in other cases where the First Circuit found a presumption of prejudice. If a fifteen month delay raises questions of prejudice, a 48 to 60 month delay resoundingly demonstrates a Sixth Amendment violation.

The reason for the delay here also works against the government. The First Circuit has described the so-called second factor, the reason for the delay, "as the flag all

litigants seek to capture and is often considered the focal inquiry." Trueber, 238 F.3d at 88 (internal citations and quotations omitted). In this case, the flag is fully ensconced in the defendant's territory. The government has no reason for the delay. Contrary to the plea agreement, which called for a plea hearing at the earliest practicable time, the government simply failed to prosecute this case.[2] The government has a constitutional obligation to bring an accused to trial without unnecessary delay. Smith v. Hooey, 393 U.S. 374 383 (1969). Here, while defendant does not allege that the government acted intentionally or in bad faith, the government certainly failed in its obligation to prosecute this case in an expeditious manner. A delay of four to five years without any reason or justification is inexcusable and reveals a clear disregard for the defendant's constitutional rights.

The length of the delay here coupled with the secrecy of the sealed information prevented the defendant from asserting his constitutional rights. As the United States Supreme Court has held in Doggett v. United States, 505 U.S. 647, 652 (1992), it is unfair to tax a defendant with a failure to assert his speedy trial rights if that defendant is unaware of the sealed charging instrument. Here, the government filed the information

---

[2] The government no doubt will argue that the plea agreement's waiver of speedy trial rights precludes the defendant from raising the speedy trial argument here. The government's argument, however, lacks merit. First, even though the defendant apparently consented to some waiver of his speedy trial rights, nothing in the agreement suggests that he consented to waive those rights for 48 to 60 months. Second, given the constitutional infirmity of a delay of 15 to 24 months, it is doubtful whether an indefinite speedy trial waiver would be valid. Third, the assertion of the speedy trial waiver ignores the fact that the plea agreement also specifies that the government will bring the case to a plea hearing at the earliest practicable time. This clause suggests that the defendant did not intend to enter into an indefinite waiver of his speedy trial rights. Moreover, if the government violated the earliest practicable time provision of the plea agreement, it arguably renders the entire agreement null and void. If the government's inaction renders the plea agreement invalid, then the court should apply the speedy trial test articulated in Barker.

under seal and never notified the defendant. Unaware of the sealed information, the defendant had no practical measure of asserting his constitutional rights.

The final factor in the court's analysis is prejudice. A presumption of prejudice exists where a prolonged and unjustifiable delay occurs. Id. at 655. "In such a case, affirmative proof of particularized prejudice is not essential." United States v. Leaver, 358 F. Supp.2d 255, 266 (2004) (quoting Doggett, 505 U.S. at 655) (internal quotations omitted). "To warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing prejudice." Doggett, 505 U.S. at 657. The government has the burden in these instances of rebutting the defendant's prejudice claim. Id. at 658. Here, the government unquestionably was negligent in failing to prosecute the case. The government's negligence resulted in a delay of such magnitude that it has precluded the defendant from mounting any sort of effective defense. Given the length of the negligent delay, the government certainly cannot meet its heavy burden of showing that the defendant can defend himself. Given the length of time, the defendant is presumptively without recourse and the government cannot overcome this hurdle. Hence, when analyzing this case in accordance with the four Barker factors, a clear constitutional violation emerges. The court can cure this Sixth Amendment violation only through a dismissal of the information.

B. The Government Missed the Five-Year Statute of Limitations

In 2000, the government filed its first information in this case under seal. The information did not contain a waiver of the defendant's right to proceed by indictment. In 2004, the government filed a second information in this case. This new information also did not contain a waiver of the defendant's right to proceed by indictment. The

government failed to obtain a waiver of the defendant's right to proceed by indictment within the applicable five-year statute of limitations. The failure to obtain a waiver within the applicable time period renders both informations fatally defective.

The Fifth Amendment to the United States Constitution enshrines a guarantee that no person shall answer for a capital or otherwise infamous crime unless the government first presents his or her case to a grand jury. U.S. Const. Amend. V. Federal Rule of Criminal Procedure 7(b) further codifies the Fifth Amendment guarantee by permitting prosecution in lieu of an indictment only if the defendant waives his or her right to presentment before a grand jury. Fed. R. Crim. P. 7(b). Absent a valid waiver, the lack of an indictment renders the district court without jurisdiction over the offense. See United States v. Wessels, 139 F.R.D. 607, 609 (M.D. Pa. 1991).

Federal law also provides a five-year statute of limitations in non-capital cases. Specifically, "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the **information is instituted** within five years next after such offense shall have been committed." 18 U.S.C. § 3282 (emphasis added). Here, the offense occurred in 1999. The government filed its first information in 2000 and its subsequent information in 2004. The government, however, in failing to obtain a waiver within the applicable statue of limitations period, did not institute the information as required by 18 U.S.C. § 3282.

Relying on the Seventh Circuit's opinion in United States v. Burdix-Dana, 149 F.3d 741, 743 (7th Cir. 1998), the government argues that the simple act of filing an information tolls the applicable statute of limitations even if the information does not

contain an indictment waiver.  Burdix-Dana, however, runs contrary to the plain language of 18 U.S.C. § 3282 and defies common sense.

In drafting 18 U.S.C. § 3282, Congress could have used the word "filed" when describing the procedure necessary for tolling the statute of limitations.  Instead, Congress specified that the government must "institute" an information within the five year statute of limitations.  Instituting an information, by its very nature, implies far more than merely filing a document.  Rather, an information is fully instituted when accompanied by a waiver of an indictment.  It is axiomatic that an information unaccompanied by a waiver of an indictment is invalid.  Wessels, 139 F.R.D. at 609 ("Unless there is a valid waiver, the lack of an Indictment in a federal case is a defect going to the jurisdiction of the court").  "Without the waiver required by Rule 7(b) of the Federal Rules of Criminal Procedure, an Information charging a felony offense is virtually meaningless." Id.

It defies logic to suggest that Congress intended to allow the government to toll the statute of limitations by filing an incomplete, meaningless, or invalid information.  If Congress did not allow the government to toll the statute of limitations with an invalid or incomplete indictment, see 18 U.S.C. § 3282, then common sense suggests that the legislative branch did not endorse statutory tolling based upon an invalid or incomplete information.  The government certainly cannot toll the statute of limitations by filing a jurisdictionally defective indictment.  The suggestion, therefore, that Congress intended to permit the government to toll the statute of limitations by filing a jurisdictionally defective information seems, at best, inconsistent and, at worst, completely illogical.

Moreover, equating the word "instituted" with the word "filed" not only defies logic,

it also runs contrary to public policy. The defendant in <u>Burdix-Dana</u> argued that by equating instituted with the word filed, Congress would have "allowed prosecutors to file an information, wait indefinitely, then present the matter to the grand jury well beyond the statute of limitations but within six months of the dismissal of the information." 149 F.3d at 743. Although the Seventh Circuit found this argument compelling, it ultimately rejected the contention noting that "this situation would only arise if the defendant charged in the information rests on her rights and does not move for a dismissal of the information herself." <u>Id.</u> The defendant, however, countered this argument by alluding to the possibility of a sealed information preventing the defendant from having notice of the charges pending against her. The Seventh Circuit, however, refused to address this contention stating that "[t]his issue is not relevant here because in this case Burdix-Dana did have notice of the charges pending against her." <u>Id.</u> n. 3.

The issue is relevant in this case. Here, unlike <u>Burdix-Dana</u>, the government filed an information under seal. The defendant, therefore, received no notice of the information and could not assert his rights. Following the logic of <u>Burdix-Dana</u>, the government could have waited ten years before opting to dismiss the information and charge the defendant by indictment within six months of the dismissal of the information. <u>See</u> 18 U.S.C. § 3288. In view of countervailing speedy trial concerns, it is doubtful that Congress intended to allow the government to toll the statute of limitations period and potentially hold a case in abeyance well-beyond five years simply by filing a secret information. An interpretation that encourages the government to act in an unconstitutional manner is an interpretation that contravenes common sense. Rather than promote the filing of secret informations to toll the statute of limitations, it far more

logical to suggest that Congress intended to toll the applicable time period with the filing of an "instituted" or valid information. A valid information includes a waiver of indictment. See Fed. R. Crim. P. 7(b). Interpreting the word "instituted" as requiring a valid information filed with an indictment waiver is the only interpretation that curbs the potential for governmental abuse. The court should find that Congress did not intend an absurd result and should thereby interpret the word "instituted" in a manner that comports with reasoned public policy goals.

Here, as previously noted, the government filed one sealed information in 2000 and one unsealed information in 2004. The government, however, did not include a waiver of indictment with either information.[3] The government, therefore, did not "institute" the information within the meaning and context of 18 U.S.C. § 3282. By failing to institute the information within five years, the government missed the applicable statute of limitations. Accordingly, the court should dismiss the two defective informations.

---

[3] Although the defendant intended to waive his right to an indictment during the plea hearing, the court questioned whether such a waiver was a "knowing" decision given the statute of limitations issue. Lacking knowledge of the statute of limitations question and the speedy trial concerns, the defendant did not execute a knowing waiver of his constitutional rights. The court should reject the defendant's in-court waiver as neither knowing nor intelligent.

## **CONCLUSION**

For the foregoing reasons, the court should order the dismissal of the government's informations.


Dated: September 24, 2005

                                          Respectfully submitted,
                                          JAMES MACHADO,
                                          By his attorneys,

                                          /s/ `Gary G. Pelletier`
                                          _____
                                          Daniel W. O'Malley, BBO#547483
                                          Gary G. Pelletier, BBO#631732
                                          DENNER O'MALLEY, LLP
                                          Four Longfellow Place, 35th Floor
                                          Boston, MA 02114
                                          (617) 227-2800