UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10232-RWZ

UNITED STATES OF AMERICA

v.

JAMES MACHADO

MEMORANDUM OF DECISION AND ORDER

November 3, 2005

ZOBEL, D.J.

Although the posture of this case is unusual, the facts are not in dispute. Defendant was arrested on August 21, 1999, for drug possession and immediately indicated his willingness to cooperate. In June 2000, defendant signed a plea agreement in which he agreed to provide the government with assistance against other defendants and waived the statute of limitations as well as his rights under the Speedy Trial Act. The government in turn agreed to proceed to plea proceedings "[a]t the earliest practicable date." (Gov't Opp., Ex. A, ¶ 1). That plea agreement and a sealed information ("the 2000 information")[1] were filed with the court on August 31, 2000, and the case was assigned to Judge Tauro. By November 2000, the government had obtained all the assistance it required from defendant. Instead of proceeding with change-of-plea and sentencing hearings before Judge Tauro, however, the government inexplicably allowed the case to languish for nearly four years. Indeed, during that

---

[1] The information has since been unsealed. See Order, United States v. Machado, No. 00-10321 (D. Mass. Oct. 19, 2005).

period, the government apparently forgot that a sealed information against defendant was pending before Judge Tauro. As a result, when the government recommenced activity against defendant in 2004, it filed a second information ("the 2004 information") on August 10, 2004, just ten days before the statute of limitations expired. See 18 U.S.C. § 3282. On August 16, 2005, defendant appeared before me, executed a waiver of indictment, and offered a plea of guilty. He now moves to dismiss both the 2000 and the 2004 informations under the statute of limitations, the Sixth Amendment, and Federal Rule of Criminal Procedure 48(b). The motion is granted as to the 2004 information.

I.   Duplicate Informations

As an initial matter, dismissal of the 2004 information is warranted because duplicate charges against the same defendant before two different judges within the same district are disfavored. The 2000 information charged defendant in two counts with aiding and abetting in violation of 18 U.S.C. § 2; conspiracy to possess marijuana with intent in violation of 21 U.S.C. § 846; and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), between July 1999 and August 21, 1999, in Rhode Island and Westport, Massachusetts. (Gov't Opp., Ex. B). The 2004 information is identical, except that the government has added (1) specified drug quantities, in conformity with changes in the government's charging practices following Blakely v. Washington, 542 U.S. 296 (2004); and (2) a forfeiture allegation pursuant to 21 U.S.C. § 853. (Docket #1). In other words, the two informations charge the same defendant with the same crimes. Federal courts abide by a general rule that gives

priority to the first-filed action, which is applied with attention to "conservation of judicial resources and comprehensive disposition of litigation." Small v. Wageman, 291 F.2d 734 (1st Cir. 1961) (internal quotation marks omitted). In this case, application of that rule is appropriate, particularly because there are no special circumstances or issues of convenience indicating that priority should be given to the second-filed action. Cf. Baker Indus., Inc. v. Cerberus Ltd., 549 F. Supp. 312, 314 (D.C.N.Y. 1982). That consideration alone warrants dismissal of the later-filed information.

II.   Statute of Limitations

Dismissal is also warranted because prosecution is barred by the statute of limitations. Under 18 U.S.C. § 3282, which governs this case, the statute of limitations expired on August 20, 2004. The statute is tolled when an "information is instituted." 18 U.S.C. § 3282(a). Defendant contends that the 2004 information, although filed with the clerk of court before the statute of limitations had run, was not properly "instituted" because it was not accompanied by a valid waiver of indictment.[2] The government argues that the information was properly "instituted" when it was filed with the court and urges the court to find that an information may be "instituted" within the meaning of the statute without the government first obtaining a waiver of indictment from the defendant. For the following reasons, I agree with defendant.

First, the court has no subject matter jurisdiction over a prosecution in which the government has filed an information without obtaining a valid waiver of indictment. The

---

[2]Defendant makes the same argument as to the 2000 information, but that information is not before me. My analysis is accordingly confined to the 2004 information.

jurisdictional nature of the waiver is grounded in the Fifth Amendment, which requires the government to prosecute felonies by indictment.  Under the Federal Rules of Criminal Procedure, the government may prosecute non-capital felonies by information instead, but only when the defendant has waived indictment "in open court and after being advised of the nature of the charge."  Fed. R. Civ. P. 7(b).   Thus, until a defendant has waived indictment pursuant to Rule 7(b), an information filed with the clerk of court cannot perform the same charging function as an indictment.  Indeed, a court in possession of an information but not in possession of a waiver of indictment lacks subject matter jurisdiction over the case; such an information is "virtually meaningless."  United States v. Wessels, 139 F.R.D. 607, 609 (M.D. Pa. 1991).  Only when both the information and a valid waiver of indictment have been filed is the court vested with jurisdiction.  See Young v. United States, 354 F.2d 449, 452 (10th Cir. 1965).  It defies logic and reason that the court may accept an information without waiver for the purpose of applying the statute of limitations, when that same document is "meaningless" for purposes of subject matter jurisdiction and prosecution.

      The government acknowledges that a waiver of indictment is required when the government seeks to prosecute an individual, see Fed. R. Civ. P. 7(b), but argues it is not required under § 3282.  Section 3282 is, according to the government, concerned solely with the "institution of charges," and thus a waiver of indictment is unnecessary.  (Gov't Oct. 11, 2005 Opp., at 22).  In essence, the government argues that something less is required for an information to be "instituted" against a defendant under § 3282 than is required to prosecute him on the charges contained therein.  As a matter of

language, the sharp distinction the government draws between "prosecution" and "institution of charges" is not supported by their accepted meaning. Both words are commonly used to describe the commencement of a criminal action. See Black's Law Dictionary 801 (7th ed. 1999) (defining "institution" as the "commencement of . . . a civil or criminal action"); id. 1237 (defining "prosecute" as "[t]o commence and carry out a legal action"). Indeed, one dictionary defines the verb "to prosecute" as "to institute and pursue a criminal action against a person." Id. (emphasis added). The institution of charges is but the first step and a part of the prosecution on those charges. Since an information is the functional and constitutional equivalent of an indictment only when accompanied by a valid waiver of indictment, no reason exists why that rule should not apply in the statute of limitations context.

  I recognize that the few courts to have considered this question have reached the opposite conclusion. See United States v. Burdix-Dana, 149 F.3d 741, 743 (7th Cir. 1998) (holding that filing of information without valid waiver of indictment is "sufficient to institute it within the meaning of 18 U.S.C. § 3282); United States v. Hsin-Yung, 97 F. Supp. 2d 24, 28 (D.D.C. 2000) (same); United States v. Watson, 941 F. Supp. 601, 603-04 (N.D. W. Va. 1996) (same); see also United States v. Thompson, 287 F.3d 1244, 1250 (10th Cir. 2002) (seemingly adopting Burdix-Dana's interpretation of § 3282). However, close review of those decisions only emphasizes the potential dangers of the government's approach. In Burdix-Dana, the government had filed an information within the limitations period, but had not obtained a waiver of indictment before the statute ran. 149 F.3d at 742. After the limitations period had run, the grand

5

jury returned an indictment. Id.[3] Although the Seventh Circuit held the mere filing of an information to toll the statute, it conceded that the concerns raised by its holding were "compelling." Id. at 743.[4]  It noted that "by equating 'instituted' with 'filed' and then applying 18 U.S.C. § 3288, we have allowed prosecutors to file an information, wait indefinitely, then present the matter to a grand jury well beyond the statute of limitations but within six months of the dismissal of the information." Id.  The court further recognized that if a prosecutor sealed a pending information, the defendant might never have an opportunity to move for its dismissal. Id. at 743 n.3.  These potentially harmful consequences and the lack of logic and reason lead me to respectfully disagree.

The government also argues that even if the government did not properly "institute" the information within the meaning of § 3282, defendant has waived any statute of limitations defense he might have raised.  It first points to the plea agreement defendant signed over five years ago, in June 2000, which included a blanket waiver of any statute of limitations defense. (Gov't Opp., Ex. A, ¶ 12).  While the statute of limitations may be waived, see United States v. Spector, 55 F.3d 22, 24 (1st Cir. 1995),

---

[3]Under 18 U.S.C. § 3288, the government may file an indictment after the limitations period when an information was properly instituted within the limitations period and was dismissed on grounds other than statute of limitations.

[4]Similarly, in Watson, the court recognized that "a waiverless information is not the functional equivalent of a found indictment," 941 F. Supp. at 602, and that "[i]t is beyond peradventure that the absence of a valid waiver of prosecution by indictment is a jurisdictional defect that bars the acceptance of a guilty plea or the commencement of trial on the relevant charges," id. at 603.  Nevertheless, the court decided a waiverless information could be properly "instituted" by being filed with the clerk of court; its holding was seemingly based on its reading of existing caselaw. Id.

several factors lead to the conclusion that the June 2000 waiver is no longer binding. First, to the extent that the waiver was embedded in a plea agreement, it is not enforceable because it was never formally accepted by the court. See United States v. Papaleo, 853 F.2d 16, 19 (1st Cir. 1988) ("Unless and until a court accepts a guilty plea, a defendant is free to renege on a promise to so plead."). Second, to the extent that the agreement is viewed as a contract between the parties, it is binding only if defendant entered into it voluntarily and knowingly, and only if both parties have met the conditions set forth in the agreement. See Spector, 55 F.3d at 24-25. Here, the government, after obtaining defendant's full cooperation, breached its obligation to proceed with its case against defendant at the "earliest practicable date." (Gov't Opp., Ex. A, ¶ 1). In light of the government's failure to fulfill its side of the bargain, defendant can no longer be held to his promise to waive the statute of limitations. See id. at 25 (where government failed to satisfy condition of agreement to waive indictment, waiver was ineffective).

The government next argues that defendant waived the statute of limitations defense by waiving indictment and entering a plea of guilty at the August 16, 2005 hearing. The First Circuit has held that by pleading guilty, a defendant may waive his statute of limitations defense, along with other affirmative defenses, without ever having given an express and knowing waiver. See Acevedo-Ramos v. United States, 961 F.2d 305, 308-09 (1st Cir. 1992). But such a waiver is effective only if the defendant enters a valid guilty plea. As the government itself recognizes, however, "a waiver of indictment is required before a guilty plea or trial on an information." (Gov't Opp., at

7

22).  See also Fed. R. Civ. P. 7(b); Burdix-Dana, 149 F.3d at 742-43.  The record in this case supports a finding that a plea colloquy took place, but the plea was not, in fact, taken.  Moreover, to the extent defendant did expressly waive indictment, that waiver was neither knowing nor voluntary.  (Def.'s Sept. 24, 2005 Mem., at 10 n.3).  Defendant did not know—because neither his counsel nor the court fully explained to him—that by waiving indictment, he was giving up any speedy trial or statute of limitations defenses that had accrued by the long passage of time.  Finally, as a practical matter, because defendant has yet to plead guilty, he has not waived the statute of limitations.  I therefore find (1) as a matter of fact, that defendant has not waived the statute of limitations by waiving indictment or offering to plead guilty in 2005, and (2) that he cannot be held to his promise in the plea agreement in 2000, given the government's breach thereof.  Accordingly, the 2004 information was never properly instituted within the meaning of 18 U.S.C. § 3282, and the motion to dismiss this information is granted.

III.    Sixth Amendment Speedy Trial Guarantee

Defendant has also moved to dismiss the 2004 information as a violation of his speedy trial rights under the Sixth Amendment.  I consider this additional ground because the law remains unsettled as to when an information is properly "instituted" under § 3282, and conclude that the Sixth Amendment also requires dismissal of the 2004 information.

A defendant's Sixth Amendment right to a speedy trial is analyzed under the four-factor test established in Barker v. Wingo, 407 U.S. 514 (1972).  The court considers (1) the length of the delay, (2) the reason for the delay, (3) the defendant's

assertion of his right, and (4) the prejudice to the defendant resulting from the delay. Id.  The length of the delay in this case was nearly five years, and thus presumptively prejudicial.  (See Gov't Opp., at 9).  See, e.g., United States v. Trueber, 238 F.3d 79, 88 (1st Cir. 2001) (treating 22-month delay as presumptively prejudicial and citing cases treating delays of 15, 19, and 24 months as presumptively prejudicial). Moreover, the relatively simple charges against defendant and his full cooperation from the time of his arrest indicate that this was hardly a complex case for the government. Cf. id.; see also United States v. Casas, 425 F.3d 23, 33-34 (1st Cir. 2005) (delay due to fact that case involved sixty defendants, over 350 pretrial motions, and complex drug conspiracy).  The first factor therefore weighs strongly in favor of finding a violation.

The second factor, which both parties recognize to be central to the speedy-trial inquiry, likewise weighs heavily in favor of finding a violation.  The government has offered no satisfactory reason for the lengthy delay in prosecuting this case.  The government first notes that any delay up until November 2000 should not be weighed against the government, since defendant was providing assistance to the government until that time and benefitted by delaying his proceedings until he had finished cooperating.  Even accepting the government's argument, the fact still remains that from November 2000 until August 2004—nearly four years—the government utterly failed to pursue the case.  The government's argument that defendant is somehow at fault for the delay because he lacked counsel for a part of that time is meritless. Whether or not defendant was represented by counsel, the "primary burden" was on the government to bring the case to trial.  United States v. Casas, 356 F.3d 104, 113

(1st Cir. 2004). The government prosecutes cases against pro se defendants on a regular basis. Defendant's lack of counsel had nothing to do with the delay, and it did not remove the government's constitutional duty to prosecute its cases promptly, nor can it successfully place the blame for the delay on defendant. The delay was due to nothing other than the government's own negligence and carelessness. While negligence is less damning than "deliberately dilatory tactics," Rashad v. Walsh, 300 F.3d 27, 33 (1st Cir. 2002), it "still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun," Doggett v. United States, 505 U.S. 647, 657 (1992). Negligence is, furthermore, less and less tolerable as the length of the delay grows. See id. In this case, the government's negligence led to a five-year delay. Analysis of the second Barker factor squarely favors finding a violation.

The third factor weighs against defendant, who has failed to assert his speedy trial right and has instead previously expressed his desire to plead guilty. Although defendant states his failure to assert his rights was due to the fact that the 2000 information was sealed, a joint motion submitted to Judge Tauro in April 2001 belies his contention. (Gov't Opp., Ex. D, ¶ 1 (referring to information "filed previously")). A defendant must ordinarily "give some indication, prior to his assertion of a speedy trial violation, that he wishes to proceed to trial." United States v. Munoz-Amado, 182 F.3d 57, 62 (1st Cir. 1999). Defendant's failure to do so, though it does not constitute a waiver of his speedy trial rights, weighs against finding a Sixth Amendment violation. See Rashad, 300 F.3d at 33.

Finally, the court must weigh prejudice to defendant, in particular his interests in (1) preventing oppressive pretrial incarceration, (2) minimizing his anxiety and concern, and (3) limiting the possibility that his defense will be impaired.  See Barker, 407 U.S. at 532.  Although the government contends that defendant has suffered no prejudice at all because he has not been incarcerated during the delay, there can be little doubt that the threat of prosecution and future incarceration is normally a matter of considerable anxiety and concern.  Moreover, defendant's ability to mount an effective defense was surely prejudiced by the delay; as the Supreme Court has recognized, "affirmative proof of particularized prejudice" is not necessarily required, since prejudice is presumed when the length of the delay is excessive.  Doggett, 505 U.S. at 655.  Accordingly, this fourth factor weighs in favor of finding a violation.

Taking all four factors into account, I find that the government violated defendant's Sixth Amendment right to a speedy trial.  The excessive length of the delay and the fact that it was occasioned by official negligence outweigh the fact that defendant failed to assert his right to a speedy trial during the relevant period.

IV.     Fed. R. Crim. P. 48(b)

Lest there be any doubt, I also find dismissal to be warranted under Fed. R. Crim. P. 48(b).[5]  As the First Circuit has noted, Rule 48(b) codifies the court's inherent power to dismiss a case for want of prosecution; Rule 48(b) dismissal for "unnecessary delay" is, moreover, solely within the court's discretion. See United States v. Mitchell,

---

[5]Rule 48(b) states: "The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial."

723 F.2d 1040, 1050 (1st Cir. 1983).  Dismissal under Rule 48(b) is not limited to those situations where a defendant's speedy trial rights have been violated, see United States v. Correia, 531 F.2d 1095, 1099 (1st Cir. 1976), but is instead generally viewed as broader in scope, see Fed. R. Crim. P. 48(b), Advisory Committee Note 2002.  In this case, defendant has from the time of his arrest cooperated fully with the government, assisting the government in obtaining convictions of two other defendants.  In return, he has waited for over five years since the time of his arrest to bring the criminal case against him to resolution.  Because the government has provided no satisfactory explanation for the long hiatus in its prosecution of defendant, its delay can only be described as "unnecessary."  Dismissal is therefore warranted not only under the statute of limitations and not only under the Sixth Amendment speedy trial guarantee, but also under Rule 48(b).

V.      Conclusion

Defendant's motion to dismiss the informations (# 5 on the docket) is accordingly granted as to the 2004 information.


　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Rya W. Zobel
　　　　DATE                                    RYA W. ZOBEL
                                               UNITED STATES DISTRICT JUDGE