UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 04-10232-RWZ |
| | ) | |
| JAMES MACHADO | ) | |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION FOR RECONSIDERATION

James Machado ("the defendant"), by and through undersigned counsel, hereby submits this memorandum of law in opposition to the government's motion for reconsideration. The defendant contends that the court should deny the government's reconsideration motion for several reasons. First, the investigative explanation offered by government is irrelevant and runs contrary to the facts, law, and common sense. Second, the government still fails to explain why it waited three to four years before initiating any sort of action against the defendant. Finally, the government's reconsideration motion does not address the statute of limitations issue, which served as an independent basis for dismissal of the improperly instituted information.

### FACTS AND PROCEDURAL BACKGROUND

On August 21, 1999, federal agents arrested the defendant charging him with narcotics offenses. After the defendant agreed to render substantial assistance and reached a plea agreement with the government, the government proceeded to file a sealed information charging the defendant with possession with intent to distribute marijuana in violation of 21 U.S.C. § 846. Four years later, the government apparently forgot that it had filed the sealed information and filed a second information just ten days before the expiration of the five year statute of limitations. See 18 U.S.C.

§ 3282. On September 25, 2005, the defendant moved to dismiss the government's 2000 information and 2004 information. On November 3, 2005, the court granted the defendant's motion in part and ordered the dismissal of the 2004 information.1  See United States v. Machado, No. 04-cr-10232-RWZ, 2005 WL 2886213 (D. Mass. Nov. 3, 2005).

The court based its decision on four grounds. First, the court concluded that the second information was a disfavored duplicate of the first information. Id. at *1. Second, the court decided that dismissal of the information was "warranted because prosecution is barred by the statute of limitations." Id. at *2-4. Third, the court found that the government violated the defendant's right to a speedy trial as contained in the Sixth Amendment to the United States Constitution. Id. at *4-*6. In reaching its decision on the Sixth Amendment issue, the court focused on the reason for the delay and specifically found that the nearly five year delay in this case "was due to nothing other than the government's own negligence and carelessness." Id. at *5. Finally, the court exercised its discretion and dismissed the information pursuant to Federal Rule of Criminal Procedure 48(b). After noting that Rule 48(b) empowers the courts with discretion to dismiss an indictment or information based on the government's want of prosecution, the court found that dismissal is appropriate here due to the fact that "the government has provided no satisfactory explanation for the long hiatus in its prosecution of defendant." Id. at *6.

Within three days after the court's dismissal of the defendant's information, the police raided the defendant's home in Westport, Massachusetts after obtaining a search warrant.2  Uncovering a

---

1 The court did not address the 2000 information because it remains before Judge Tauro. See United States v. Machado, No. 04-cr-10232-RWZ, 2005 WL 2886213, at *1,*2 n. 2 (D. Mass. Nov. 3, 2005).
2 It is interesting to note that the police happened to seek and execute the search warrant just days after the court dismissed the information issuing a stinging rebuke of the government's inaction in this case.

2

ledger and some marijuana, the Westport Police Department arrested the defendant. On October 7, 2004, the Commonwealth of Massachusetts arraigned the defendant in the Fall River District Court on various charges including possession with intent to distribute marijuana. Following the defendant's arrest and arraignment, the government filed its motion for reconsideration of the court's order dismissing the 2004 information.

## **ARGUMENT**

The government's reconsideration motion fails to present any relevant information that should alter the court's decision. Rather, the government's motion reveals a desperate attempt to re-characterize its negligence as a deliberate act of necessary forbearance. Addressing only the speedy trial and Rule 48(b) portions of the court's decision, the government attempts to manufacture a reason for its nearly five year delay by suggesting that it conducted an ongoing investigation of the defendant that culminated in the execution of the search warrant and the defendant's arrest on new charges in state court. Ignoring the fact that it had forgotten about the filing of its sealed information in 2000, the government now argues that it did not prosecute the defendant's case in order to shield an ongoing criminal investigation and protect the safety of the Westport police officers. The government's argument is, at worst, suspicious and, at best, a red herring.

The government claims that the Westport Police had investigated the defendant since October of 2003. The affidavit of Westport Police Detective Daniel R. Sullivan, however, belies the government's assertion. (See Sullivan Affidavit, attached to Government' Reconsideration Motion as Exhibit B). Sullivan states in his affidavit that a confidential informant approached him in July of 2004. (Id. at 2). According to Sullivan, the confidential informant told him that an individual known as Fernando Raposo of Westport would sell marijuana from his home for a man named "Jimmy." (Id.) The informant told the police that "Jimmy" lived on Gifford Street in Westport and

drove a gray Jeep Grand Cherokee bearing Massachusetts registration 7996ZS. (Id.) Based upon the informant's information, the police ascertained the defendant's identity. (Id. at 3). The affidavit reveals that the police first conducted surveillance of the defendant's home on August 6, 2004. (Id. at 4).

An investigation of the defendant that commenced in the summer of 2004 has no bearing on the court's speedy trial analysis. Regardless of the merits of the new investigation, the government still has offered no explanation for why it allowed a 1999 arrest to languish until 2004. It is irrelevant that the government began a new investigation of the defendant in the summer of 2004. The case commenced on August 21, 1999. A 2004 investigation does nothing to elucidate why the government allowed the case to remain dormant for nearly five years. Nothing in the government's memorandum surrounding this new investigation should alter the court's finding that the reason for the delay of nearly five years was none other than the government's own carelessness and negligence.

Even if, contrary to Detective Sullivan's affidavit, the investigation of the defendant commenced in October of 2003 as the government alleges, the court's speedy trial analysis should remain unaltered. If the investigation commenced in October of 2003, even a conservative estimate of the delay here is about three years. Given that the First Circuit has held delays of 15 to 24 months are presumptively prejudicial, see United States v. Trueber, 238 F.3d 79, 88 (1st Cir. 2001), the government needs to offer some explanation as to why it waited at least three years from the time it filed its sealed information to the time it commenced its second investigation of the defendant. Once again, the government can offer no explanation for this delay other than carelessness and negligence. This factor must weigh heavily against the government in finding a speedy trial violation as well as constituting unnecessary delay for purposes of Rule 48(b). An investigation commenced in 2003 or

4

2004 does not ameliorate the government's failure to prosecute this case starting in November of 2000.

In addition to the government's failure to justify the delay prior to the new investigation, the government's reliance on the new investigation as a reason for the delay is dubious. The government claims that it could not prosecute the case because it needed to protect both its investigation and the Westport police officers. The government's claim runs contrary to the facts. The Westport Police Department's investigation of the defendant essentially ran from the summer of 2004 until November of 2005.[3] In August of 2004, the government filed a public information in this case charging the defendant with marijuana distribution offenses. The government then proceeded to negotiate with defense counsel in anticipation of a change of plea hearing pursuant to Federal Rule of Criminal Procedure 11. Publicly filing an information at a time when the government supposedly feared for the safety of the Westport officers would appear to be nonsensical. If the

---

[3] The government claims that the police uncovered marijuana, a scale, a stun gun, and a supposed drug ledger from the defendant's apartment. (Government's Reconsideration Motion at 4). Closer inspection, however, reveals that the police recovered many of the items seized from the defendant's home within the confines of the room of an individual who rents space from the defendant. (See Sullivan Affidavit at 24). Although the police charged the defendant with possession with intent to distribute marijuana, the amount of marijuana recovered in the defendant's personal living area was small and far more indicative of personal use. Moreover, closer inspection will also reveal that the supposed drug ledger that the government attached to its motion as Exhibit C is actually a monthly personal expense log utilized for recording money received through the defendant's construction business with his brother Steve and other income such as a monthly disability stipend that he receives from Western National Life Insurance Company. Specifically, due to an industrial accident, the defendant lost a leg and has received disability payments of $1500.00 from Western National Life Insurance Company since 1983. Close inspection of the so-called "ledger" reveals that the defendant received a $1500.00 payment on September 27, 1999. He then received another payment of $1500.00 on October 27, 1999, November 27, 1999 and every subsequent month on the 27th of the month. Far from recording drug profits, the $1500.00 reflects his monthly disability payment received from the insurance company. The so-called "ledger" also records the defendant's tax payments in connection with his construction business. Common sense compels a clear conclusion that a drug dealer does not pay the Internal Revenue Service a portion of his profits from the drug

government truly feared for the safety of the officers or wished to safeguard the new investigation, it could have obtained an indictment and filed it under seal. Instead, the government asks the court to accept that despite its supposed concern for the new investigation, it chose to publicize the second information during the height of the Westport Police Department's surveillance of the defendant. The government's assertions defy logic.

In fact, the government has offered no explanation as to how this case and the new state case have any relation other than the same defendant. Missing from the government's reconsideration motion is any reason why the prosecution of this federal case would have jeopardized the state investigation. Given that the government's public actions in this case occurred in the midst of the criminal investigation in Westport, the two cases appear to have no connection to one another. By raising the specter of this new investigation, the government appears to be grasping for any explanation that will justify its five year inaction in this case. This court should not countenance the government's transparent attempts to camouflage its mistakes.4

Finally, although the issues raised in the government's motion should not in any way affect the court's speedy trial or Rule 48(b) analysis, the court should also note that the government's motion fails to address the court's other grounds for dismissal of the information. Specifically, the court dismissed the 2004 information because it duplicated the 2000 information. Machado, 2005 WL 2886213, at *1. Moreover, the court dismissed the information because the government failed to institute the information within the applicable five year statute of limitations. Id. at *2-*4. The

---

trade.

4 The government also argues that the defendant suffered no prejudice because he supposedly engaged in continuing criminal activity after his arrest in this case. Even accepting the validity of the government's assertions for the sake of argument, the government fails to explain how unrelated criminal activity in any way affects the prejudice incurred by unnecessary delay in this case.

government's reconsideration motion does not even mention these other dismissal grounds. Hence, even if the court somehow found the government's delay rationale persuasive, the court should still find dismissal appropriate on statute of limitations and duplication grounds as stated in its opinion.

## **CONCLUSION**

For the foregoing reasons, the court should deny the government's motion for reconsideration of its order dismissing the 2004 information.

Dated: November 27, 2005

Respectfully submitted,

JAMES MACHADO,
By his attorneys,

/s/ Gary G. Pelletier

_____

Daniel W. O'Malley, BBO#547483
Gary G. Pelletier, BBO#631732
DANIEL W. O'MALLEY, P.C.
1266 Furnace Brook Parkway
Quincy, Massachusetts 02169
(617) 770-3400